UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cortez A. Brown, Octavien N. Nelson, and ShaDina Kibble on behalf of KLD, a minor, | Case No. |
| Plaintiffs, | **Complaint** |
| v. | |
| Colin Warnemunde, in his individual capacity as a Burnsville police officer and the City of Burnsville, | Jury Trial Demanded Under Fed. R. Civ. P. 38(b) |
| Defendants. | |

---

For their Complaint, Plaintiffs Cortez A. Brown ("Brown"), Octavien N. Nelson ("Nelson"), and ShaDina Kibble ("Kibble") on behalf of KLD (collectively, "Plaintiffs") state and allege upon knowledge, information, and belief as follows:

## Introduction

1.  This case involves two young Black men and one Black teenager lawfully sitting in a parked car eating fast food, when they were unlawfully held at gunpoint and arrested by Burnsville Police Officer Colin Warnemunde ("Warnemunde") and other members of the Burnsville Police Department.  Plaintiffs seek money damages for Defendant Warnemunde's violation of Plaintiffs' clearly established Fourth Amendment rights while Warnemunde acted under color of state law.  Plaintiffs also allege supplemental state law claims against Warnemunde for which the City of Burnsville is vicariously liable under the doctrine of *respondeat superior*.

**The Parties**

2. Plaintiff Brown resides and resided in the State of Minnesota at all material times. Brown was 21 years old at all relevant times and is a Black male.

3. Plaintiff Nelson resides and resided in the State of Minnesota at all material times. Nelson was 20 years old at all relevant times and is a Black male.

4. Kibble and KLD reside in the State of Minnesota and resided in Minnesota at all material times. KLD was 13 years old at all relevant times and is a Black male.

5. Warnemunde is and was a police officer employed by the City of Burnsville, Minnesota at all relevant times. Warnemunde resides and resided in the State of Minnesota at all relevant times.

6. Warnemunde is being sued in his individual capacity for purposes of the claims pursuant to 42 U.S.C. § 1983.

7. The City of Burnsville ("Burnsville") owns and operates the Burnsville Police Department ("Burnsville PD").

8. Warnemunde acted within the course and scope of his employment with Burnsville at all relevant times for purposes of the supplemental state law claims, and Burnsville is vicariously liable for his conduct.

**Jurisdiction**

9. Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3).

10. These statutory and constitutional provisions confer original jurisdiction over this matter to this Court.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

12. Plaintiffs complied with municipal notice requirements, to the extent necessary, and Defendants had actual notice of the matters complained of herein.

13. Plaintiffs' claims may be permissively joined in accordance with Federal Rule of Civil Procedure 20.

## Facts

14. On the evening of April 14, 2022, Brown, Nelson, and KLD were seated in a parked vehicle near Cub Foods at 1750 County Road 42, Burnsville, MN.

15. The vehicle was a maroon Nissan Altima (the "Altima").

16. Brown owned the Altima.

17. Brown, Nelson, and KLD were eating food in the Altima that they had just purchased from a nearby fast-food restaurant.

18. They were parked in the Cub Foods parking lot because Brown planned on making a purchase from Cub Foods after they finished their food.

19. Brown, Nelson, and KLD were engaged in no suspicious or unlawful behavior.

20. Warnemunde was in his squad in the area responding to a different call.

21. Warnemunde observed that there were Black males in the Altima.

22. Despite the fact that Brown, Nelson, and KLD were involved in no suspicious or unlawful behavior, Warnemunde ran the Altima's license plate.

23. Warnemunde unreasonably and incorrectly concluded that Brown, Nelson, and KLD were in a vehicle with stolen license plates.

24. Warnemunde determined that he was going to conduct a "high risk traffic stop" of the Altima's passengers solely on the unreasonable and incorrect belief that the Altima had a stolen license plate.

25. The Altima did not have a stolen license plate.

26. The license plates on the Altima belonged to Brown and were registered to the Altima.

27. Warnemunde conducted no further investigation to determine if the Altima or its passengers were suspected of being engaged in any criminal activity and proceeded with the high-risk traffic stop.

28. It was unreasonable for Warnemunde to conduct a high-risk traffic stop of the Altima because the Altima did not have stolen plates and Warnemunde was in possession of no other information that would warrant any stop or investigation of the Altima.

29. Warnemunde contacted dispatch for backup.

30. Warnemunde then unreasonably drove towards the parked Altima and struck the Altima with his squad.

31. Brown, Nelson, and KLD did not attempt to flee or engage in any suspicious or unlawful behavior even after Warnemunde struck the Altima with his squad.

32. Despite being in possession of no information to suggest that the passengers of the Altima were a threat, Warnemunde drew his firearm and held Brown, Nelson, and KLD at gunpoint until backup arrived.

33. Warnemunde held Brown, Nelson, and KLD at gunpoint for approximately 10 minutes.

34. Brown, Nelson, and KLD were terrified and did not know why they were being held at gunpoint.

35. Additional officers arrived on the scene and also held Brown, Nelson, and KLD at gunpoint.

36. At least four officers drew and pointed their firearms at Brown, Nelson, and KLD.

37. No Burnsville officer received information about Brown, Nelson, and KLD sufficient to warrant the drawing and pointing of their firearms.

38. Brown, Nelson, and KLD were each then frisked, handcuffed, and placed in the back of squad cars by Burnsville officers.

39. Brown, Nelson, and KLD were freed shortly thereafter without criminal charges after the Burnsville officers confirmed that the Altima's plates were not stolen and the Plaintiffs were suspected of committing no offense whatsoever.

## Count I
### Violation of Fourth Amendment Rights – 42 U.S.C. § 1983
*Plaintiffs v. Warnemunde*

40. Plaintiffs reallege each and every allegation in this Complaint as if fully restated in this Count.

41. On April 14, 2022, no warrant was issued for the arrest of Brown, Nelson, or KLD.

42. Warnemunde violated Brown, Nelson, and KLD's clearly established Fourth Amendment right to be free from unreasonable search and seizure by, among other things: (a) conducting a *Terry* stop of Brown, Nelson, and KLD absent a reasonable suspicion of wrongdoing; (b) conducting a *Terry* stop of Brown, Nelson, and KLD in a manner that was excessively intrusive in its scope or manner of execution so as to constitute an excessive *Terry* stop and de facto arrest; (c) arresting Brown, Nelson, and KLD absent probable cause; and (d) using unreasonable force on Brown, Nelson, and KLD.

43. Warnemunde acted under color of state law at all relevant times.

44. Warnemunde subjected Brown, Nelson, and KLD to these deprivations of their rights in such a manner as to render him liable for punitive damages in accordance with federal common law and pursuant to *Smith v. Wade*, 461 U.S. 30 (1983).

45. As a direct and proximate result of the acts and omissions of Warnemunde, Brown, Nelson, and KLD endured pain, suffering, humiliation, embarrassment, emotional distress, and other items of compensatory damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) each.

46. Plaintiffs are entitled to recovery of costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

**Count Two**
**Minnesota Human Rights Act – Public Accommodation Discrimination**
*Plaintiffs v. Warnemunde and Burnsville*

47. Plaintiffs reallege each and every allegation in this Complaint as if fully restated in this Count.

48. Warnemunde's conduct towards Brown, Nelson, and KLD violates Minnesota Statute § 363A.11, subdivision 1(a)(1) of the Minnesota Human Rights Act ("MHRA").

49. Warnemunde targeted for investigation and then took further unreasonable action against Brown, Nelson, and KLD because of the combination of their race and gender.

50. Warnemunde's conduct towards Brown, Nelson, and KLD was so at variance with what one would reasonably expect that discrimination is the probable explanation of Warnemunde's actions.

51. As a result of this discrimination, Brown, Nelson, and KLD were denied full and equal enjoyment of public accommodations and endured pain, suffering, humiliation, embarrassment, emotional distress, and other items of compensatory damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) each.

52. Plaintiffs are entitled to attorneys' fees under the MHRA.

53. Plaintiffs are entitled to punitive damages under the MHRA.

54. Plaintiffs are entitled to treble damages under the MHRA.

55. Burnsville is vicariously liable for Warnemunde's conduct.

## Count Three
## False Imprisonment
*Plaintiffs v. Warnemunde and Burnsville*

56. Plaintiffs reallege each and every allegation in this Complaint as if fully restated in this Count.

57. Warnemunde used words and acts intended to confine Brown, Nelson, and KLD.

58. Warnemunde used words and acts to actually confine Brown, Nelson, and KLD.

59. Brown, Nelson, and KLD had awareness that they were being confined.

60. Warnemunde had no lawful basis to confine Brown, Nelson, or KLD and he violated ministerial duties by initiating this false imprisonment.

61. As a result of this false imprisonment, Brown, Nelson, and KLD endured pain, suffering, humiliation, embarrassment, emotional distress, and other items of compensatory damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) each.

62. Plaintiffs are entitled to punitive damages against Warnemunde.

63. Burnsville is vicariously liable for Warnemunde's conduct.

### Count Four
### Negligence
*Plaintiffs v. Warnemunde and Burnsville*

64. Plaintiffs reallege each and every allegation in this Complaint as if fully restated in this Count.

65. Warnemunde owed a Brown, Nelson, and KLD a duty of care to act reasonably.

66. Warnemunde acted unreasonably towards Brown, Nelson, and KLD.

67. Warnemunde's unreasonable acts and omissions violated ministerial duties.

68. As a direct and proximate result of the acts and omissions of Warnemunde, Brown, Nelson, and KLD endured pain, suffering, humiliation, embarrassment, emotional distress, and other items of compensatory damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00) each.

69. Burnsville is vicariously liable for Warnemunde's conduct.

**Plaintiffs demand a trial by jury.**

Wherefore, Plaintiffs request that the Court grant the following relief:

1. As to Count One, a money judgment in favor of each Plaintiff against Defendant Warnemunde in excess of $75,000, together with costs, attorneys' fees, disbursements, and pre-and-post-judgment interest;

2. As to Count Two, a money judgment in favor of each Plaintiff against Defendant Warnemunde and Burnsville in excess of $75,000, together with costs, attorneys' fees, disbursements, and pre-and-post-judgment interest;

3. As to Count Three, a money judgment in favor of each Plaintiff against Defendant Warnemunde and Burnsville in excess of $75,000, together with costs, disbursements, and pre-and-post-judgment interest;

4. As to Count Four, a money judgment in favor of each Plaintiff against Defendant Warnemunde and Burnsville in excess of $75,000, together with costs, disbursements, and pre-and-post-judgment interest; and

5. For such other and further relief as this Court may deem appropriate.

**NEWMARK STORMS DWORAK LLC**

Dated: March 3, 2023

/s/ Jeffrey S. Storms
Jeffrey S. Storms, #0387240
Ryan O. Vettleson, #0312915
Naomi E.H. Martin, #0402332
222 South 9th Street, Suite 470
Minneapolis, MN 55402
Telephone: 612.455.7050
Fax: 612.455.7051
jeff@newmarkstorms.com
ryan@newmarkstorms.com
naomi@newmarkstorm.com

**Attorney for Plaintiffs**